IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.    Civ. No. 16-206 KG/KK
    (Cr. No. 15-123 KG)

ANDRES GARCIA-DAMIAN,

    Defendant/Movant.

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant/Movant Andres Garcia-Damian's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with Memorandum of Points and Authorities ("Motion") (Doc. 1), filed March 18, 2016. United States Magistrate Judge Kirtan Khalsa entered Proposed Findings and Recommended Disposition ("PFRD") on June 29, 2016, recommending, *inter alia*, that the Court dismiss Ground One of Movant's Motion with prejudice. (Doc. 7 at 15.) Movant filed Objections to this portion of the Magistrate Judge's PFRD ("Objections") on July 12, 2016, (Doc. 9); and, Movant's Motion and Objections are now before the Court.

On January 14, 2015, a federal grand jury charged Movant with illegally re-entering the United States after deportation in violation of 8 U.S.C. § 1326. (CR Doc. 10.) Movant pled guilty to the charged offense without a written plea agreement on March 25, 2015. (CR Doc. 23.) On September 29, 2015, the Court sentenced Movant to 46 months' imprisonment, and entered a judgment of conviction against him. (CR Doc. 37 at 1-2.) Movant filed the present Motion asking the Court to set aside his conviction and sentence on March 18, 2016, asserting two grounds in support of the Motion. (Doc. 1.) As Ground One, Movant claims that his trial

counsel "provided ineffective assistance . . . at his sentencing by failing to raise valid arguments and present[] mitigating evidence for a lower sentence and by misleading [Movant] as to his possible sentence." (*Id.* at 5.) As Ground Two, Movant claims that his trial counsel "did not file a Notice of Appeal from [Movant's] sentence even though [Movant] requested him to do so." (*Id.* at 6.)

On June 29, 2016, the Magistrate Judge proposed to find that the Motion, exhibits, and record conclusively establish that Movant is not entitled to the relief he seeks as to Ground One of his Motion. (Doc. 7 at 15.) Consequently, the Magistrate Judge recommended that the Court dismiss Ground One with prejudice. (*Id.*) As to Ground Two, however, the Magistrate Judge proposed to find contested factual issues that must be resolved at an evidentiary hearing. (*Id.*) Movant does not object to the Magistrate Judge's PFRD as to Ground Two, (Doc. 9 at 9), and also makes no argument in opposition to the Magistrate Judge's proposed rejection of his claim that trial counsel provided him with ineffective assistance by misleading him as to his possible sentence. (*See generally id.*) Rather, Movant's Objections focus on his Ground One claim that trial counsel provided him with ineffective assistance by failing to make certain legal arguments for a variance or downward departure at sentencing. (*Id.* at 1-9.)

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

> reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The Court has considered the Motion, the Magistrate Judge's PFRD, and Movant's Objections in light of the foregoing standards, and has conducted a *de novo* review in light of all of the pleadings and attachments in this civil proceeding and the underlying criminal case, including the transcripts of Movant's plea and sentence hearings. In his Objections, Movant relies on the same arguments raised and authority cited in his Motion, and fails to identify any error in the Magistrate Judge's proposed factual findings or legal reasoning. Rather, Movant's Objections essentially express mere disagreement with the Magistrate Judge's proposed finding that, "even if trial counsel erred in failing to make the sentencing arguments Defendant has identified, Defendant has not demonstrated a reasonable probability that, but for counsel's deficient performance, [D]efendant would have received a different sentence." (Doc. 7 at 13 (internal quotation marks omitted).)

The Court's *de novo* review persuades it that the Magistrate Judge's proposed finding is correct, and that Movant has failed to demonstrate a reasonable probability that he would have received a different sentence if his trial counsel had made the arguments he has identified in his Motion and Objections. *United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009). As Movant concedes, at sentencing, this Court had before it the "facts" that "could potentially have been the basis for a variance," (Doc. 9 at 8), and yet expressly stated that it was "not inclined to grant a variance" on any basis trial counsel "might have in mind." (*Id.* at 9; CR Doc. 49 at 5;

Doc. 7 at 13.) Moreover, the Court agrees with the Magistrate Judge that the sentencing arguments Movant claims his trial counsel should have made are without merit. (Doc. 7 at 12-13.)

For example, Movant continues to argue that his prior criminal convictions, including a conviction of indecency with a child for repeated sexual contact with his then-eight-year-old step-daughter, were not sufficiently "serious" to justify the significant offense-level enhancement he received, relying heavily on the fact that he served "very little time in custody" for his past crimes. (Doc. 9 at 5.) However, in so arguing, Movant fails to acknowledge that he was sentenced to six years' probation for molesting his step-daughter, a crime this Court, at least, regards as serious, and that he violated his probation by committing the instant offense. (*See* Doc. 1-10 at 8; Doc. 8 ¶ 23.) Movant also continues to rely heavily on the "cultural assimilation" argument that his sentence could have been reduced because he committed the instant offense "to be with his family," (Doc. 9 at 5), completely ignoring the Magistrate Judge's observation that "be[ing] with his family" would have apparently involved living and/or having contact with the step-daughter he molested, again in violation of the terms of his probation. (Doc. 7 at 13 n.7.) In short, the sentencing arguments Movant claims his trial counsel should have made would have been futile; and, trial counsel's failure to make them, even if deficient, did not prejudice Movant's defense. (*See id.* at 12-14.) Movant has conclusively failed to establish the prejudice prong of the *Strickland* test as to his Ground One claim that trial counsel provided him with ineffective assistance at sentencing, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and the claim is subject to dismissal. *Hollis*, 552 F.3d at 1194 (court "need not analyze both the performance and prejudice prongs of the *Strickland* test if defendant fails to

4

make a sufficient showing of one") (internal quotation marks omitted).  The Court will therefore adopt the Magistrate Judge's proposed findings and recommendation as to this claim.

For all of the foregoing reasons, the Court hereby ADOPTS the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 7), OVERRULES Movant's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 9), and DISMISSES Ground One of Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with Memorandum of Points and Authorities (Doc. 1) WITH PREJUDICE.  The Court will defer ruling on Ground Two of the Motion pending a limited evidentiary hearing on that ground.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE