IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

       Plaintiff,

v.                                                                                          CIV No. 16-206 KG/KK
                                                                                            CR No. 15-123 KG

ANDRES GARCIA-DAMIAN

       Defendant.


MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon Defendant Andres Garcia-Damian's Supplemental Amendment to his Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with Memorandum of Points and Authorities, filed September 29, 2016, (CR Doc. 67); Defendant's Supplemental Memorandum of Law as Ordered by the Court, filed October 7, 2016, (CR Doc. 68); and the United States' Response to Defendant-Movant's Supplemental Filings, filed October 17, 2016. (CR Doc. 69).[1]  On March 18, 2016, Defendant filed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with Memorandum of Points and Authorities ("Motion to Vacate").  (CV Doc. 1); (CR Doc. 52).  In the original Motion to Vacate, Defendant argued that he received constitutionally ineffective assistance of counsel on the basis that his trial counsel failed to request certain sentencing variances or departures, and failed to file a notice of appeal that Defendant explicitly requested following sentencing.  *Id.*  On August 11, 2016, the Court dismissed Defendant's claim that counsel was ineffective for his failure to request certain

---

[1] The Court refers to documents from case CIV  No. 16-206 KG/KK as "CV Doc. __." The Court refers to documents from case number CR No. 15cv123 KG as "CR Doc. __."

sentencing variances or departures on August 11, 2016.  (CV Doc. 10).  On September 20, 2016, the Court held an evidentiary hearing on Defendant's remaining claim that he received ineffective assistance of counsel for failure to file a timely notice of appeal.  (CV Doc. 12).  At the hearing, the Court heard testimony from Defendant, Defendant's wife, and trial counsel on the issues of whether Defendant directly asked counsel to file a notice of appeal and whether counsel consulted with Defendant about appealing his sentence in the first place.  *See id*.

Thereafter, Defendant amended his Motion to Vacate to include a claim that his counsel was ineffective for failing to consult with him regarding filing an appeal of his sentence, when the surrounding circumstances reasonably gave rise to an obligation to do so.  (CR Doc. 67 at 1).  As the basis for his claim, Defendant argues that his counsel had a duty to consult with him about appealing his sentence, because his counsel had reason to think that a rational defendant would want to appeal and Defendant reasonably demonstrated to counsel that he was interested in appealing. (CR. Doc. 68) at 15–28.  Defendant maintains that he was prejudiced by counsel's failure to do so.  *Id*.  Accordingly, Defendant asks this Court to find that he received ineffective assistance of counsel, and to vacate and re-enter its judgment of conviction and sentence so that Defendant can file a timely notice of appeal.  (CR Doc. 68) at 21.

In response, the United States acknowledges that the evidence in the record, as developed at the evidentiary hearing, demonstrates that Defendant expressed dissatisfaction with his sentence to counsel and did not waive his right to appeal, and that Defendant's wife also expressed interest in an appeal of his sentence.  The United States agrees that these circumstances gave rise to an obligation on the part of Defendant's counsel to consult with Defendant about filing an appeal, and that counsel's failure to do so prejudiced Defendant, rendering his representation of Defendant constitutionally ineffective.  (CR Doc. 69) at 2.  As a

result, the United States also maintains that the Court should vacate and re-enter the judgment of conviction and sentence in order to allow Defendant to appeal his sentence. *Id*.

In order to establish that he received ineffective assistance of counsel, Defendant must satisfy a two-part test. First, Defendant must demonstrate that his counsel's performance was deficient because it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, Petitioner must show that his counsel's deficient performance prejudiced him. *Id*. at 687.

The United States Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Failure to do so renders counsel's representation of the defendant objectively unreasonable. *Id*. at 480–81. In those circumstances, counsel's failure to consult with a defendant is prejudicial where "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, [the defendant] would have timely appealed." *Id*. at 484. A defendant need not show that his appeal would have merit in order to demonstrate prejudice. *Id*. at 486. Rather, he is only required "to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id*.

The Court agrees with the parties that the evidence of record demonstrates that Defendant's counsel had a duty to consult with Defendant regarding an appeal of his sentence, counsel did not do so, and counsel's failure to do so prejudiced Defendant. *See* (CR Doc. 64) at 9, 14, 23, 35); (CR Doc. 23). Thus, the Court finds that Defendant received ineffective assistance of counsel. Having found that counsel's performance was constitutionally ineffective,

the Court will vacate and immediately re-enter the judgment of conviction in the underlying criminal case, in order to provide Defendant with an opportunity to timely file a notice of appeal. *See United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003).  Because the Court is already granting Defendant's requested relief for counsel's failure to consult with him about appealing his sentence, the Court will not address Defendant's original claim that counsel was ineffective for failure to file a notice of appeal.

      As a result, IT IS THEREFORE ORDERED that:

(1)  the United States' Motion to Dismiss and Response to Defendant-Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (CV Doc. 6), (CR Doc. 57), seeking dismissal of Defendant's claim that his counsel was ineffective for failing to file a notice of appeal is DENIED as MOOT;

(2) the relief sought in Defendant's Supplemental Amendment to His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody with Memorandum of Points and Authorities, (CV Doc. 15), (CR Doc. 67), is GRANTED; and

(3)  that the Judgment, (CR Doc. 37), in Defendant's underlying criminal case is VACATED and immediately RE-ENTERED, in order to allow for Defendant to timely file a notice of appeal.

      IT IS SO ORDERED.

                                                                 UNITED STATES DISTRICT JUDGE